UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYLENE EDSALL and JERRY EDSALL,

    Plaintiffs,

    v.

MERCK & CO., INC.,

    Defendant.

No. C 05-2244 MHP

**MEMORANDUM AND ORDER**
Re: Plaintiffs' Motion to Remand;
Defendant's Motion to Stay

    The instant action arises from allegations that plaintiff Mylene Edsall suffered personal injury while receiving hyperbaric oxygen therapy at John Muir Medical Center, a hospital Walnut Creek, California. After being informed of its status as a "Doe" defendant in an action that had been filed in Contra Costa Superior Court by Edsall and her husband, plaintiff Jerry Edsall, defendant Merck & Co. answered plaintiffs' third-amended complaint in that action on February 28, 2005. On May 5, 2005, the state court ordered that plaintiffs' claims against Merck be severed from their claims against its co-defendants, and Merck subsequently removed the claims against it to this court on the basis of diversity of citizenship. See 28 U.S.C. §§ 1332, 1441(a). Now before the court are plaintiffs' motion to remand and Merck's motion to stay proceedings pending the adjudication of a motion to transfer that it has filed with the Judicial Panel on Multidistrict Litigation ("MDL Panel"). See id. § 1407. In addition, plaintiffs move for attorneys' fees and costs of suit pursuant to 28 U.S.C. § 1447(c). Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

Defendant Merck & Co. is a pharmaceutical company incorporated in the state of New Jersey and having its principal place of business in that state. Prior to September 2004, Merck manufactured and marketed Vioxx, a nonsteroidal anti-inflammatory drug. On September 30, 2004, Merck elected to withdraw Vioxx from the market in light of evidence that patients taking the drug in a clinical trial suffered from a higher incidence of cardiovascular events than a control group of patients taking a placebo. Since that time, over 1000 cases arising from the ingestion of Vioxx have been filed in the federal courts. See MDL Panel Docket No. 1657, CTO-20 (July 25, 2005). Included among those cases are a total of 970 Vioxx-related actions that the MDL Panel has transferred to the Eastern District of Louisiana for coordinated pretrial proceedings. See id.

Plaintiffs' claims in the instant action arise from injuries that Mylene Edsall suffered while receiving hyperbaric oxygen therapy at John Muir Medical Center, a hospital located in Walnut Creek, California. On July 24, 2002, plaintiffs filed a complaint in Contra Costa County Superior Court against the hospital, Dr. Gerald Petrone, and a host of Doe defendants. On January 14, 2005, Merck received a copy of plaintiffs' third-amended complaint in that action via certified mail, which it answered after learning that plaintiffs had identified Merck as one of the "Doe" defendants named in their initial pleadings. Merck has also been informed that plaintiffs' claims against it arise from the fact that Mylene Edsall had ingested Vioxx prior to Merck's decision to suspend sales of the drug.

On May 2, 2005, having learned that all Vioxx-related claims pending in California state courts would be transferred to a consolidated proceeding in Los Angeles, John Muir Hospital and Petrone moved to sever the claims against them from plaintiffs' claims against Merck. The Superior Court granted that motion, see Notice of Removal, Exh. D, and Merck subsequently removed the claims against it to this court, asserting jurisdiction on the basis of diversity of citizenship, see 28 U.S.C. §§ 1332, 1441(a).

On June 24, 2005, plaintiffs filed a motion to remand the instant action to state court on the ground that there was not complete diversity of citizenship at the time that Merck was joined as a

2

1 defendant in the state court action. That motion is now before the court, as is Merck's motion to stay
2 proceedings pending the adjudication of a motion to transfer venue to the Eastern District of
3 Louisiana that Merck has filed with MDL Panel. In addition, plaintiffs move for attorneys' fees and
4 costs of suit pursuant to 28 U.S.C. § 1407(c). The following memorandum and order addresses the
5 issues raised by each of those motions.

LEGAL STANDARD

As a general rule, an action can be removed to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendant bears the burden of proving the propriety of removal. Id. (citing Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)). Thus, where removal jurisdiction is premised upon diversity of citizenship, the defendant must prove that the court would have had original jurisdiction over the action pursuant to 28 U.S.C. § 1332, which grants district courts the authority to entertain any civil action "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Since its enactment, the Supreme Court has interpreted section 1332 to require "complete diversity" of citizenship. Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)). In determining whether that requirement has been met, the status of the case as disclosed by the plaintiff's complaint is controlling. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.), cert. denied, 525 U.S. 963 (1998).

Although the mere act of filing a notice in federal court effects the removal of a state court action, see 28 U.S.C. § 1446, a plaintiff may move to remand the removed action to state court on the grounds that the federal court lacks subject matter jurisdiction or, alternatively, on the ground that the defendant's notice of removal is procedurally defective, see 28 U.S.C. § 1447(c); ARCO Envt'l Remediation, L.L.C. v. Department of Health & Envt'l Quality, 213 F.3d 1108, 1117 (9th Cir.

3

1  2000).  Although a motion to remand that is premised upon a procedural defect in the removal notice
2  must be made within thirty days of the date on which the notice of removal is filed, a motion to
3  remand for lack of subject matter jurisdiction may be made at any time prior to entry of final
4  judgment.  28 U.S.C. § 1447(c); California v. NRG Energy, Inc., 391 F.3d 1011, 1022 (9th Cir.
5  2004).  Upon granting a motion to remand, a district court may in its discretion "require payment of
6  just costs and any actual expenses, including attorney[s'] fees, incurred as a result of the removal."
7  28 U.S.C. § 1447(c).

DISCUSSION

I.      Plaintiffs' Motion to Remand and Defendant's Motion to Stay

As noted above, plaintiffs seek to remand the instant action to state court on the ground that Merck has failed to satisfy the complete diversity requirement of 28 U.S.C. § 1332, while Merck urges the court to stay proceedings until the MDL Panel has had the opportunity to rule on its motion to transfer venue pursuant to 28 U.S.C. § 1407.  There is no doubt that the interest of judicial economy frequently warrants entering a stay under such circumstances.  Indeed, as the court observed in Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049 (N.D. Cal. 2004) (Armstrong, J.), "deference to the MDL court for resolution of a motion to remand [often] provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system."  Id. at 1053 (citations omitted).  This is particularly true where a motion to remand presents "difficult" jurisdictional issues that are identical or similar to the issues raised in other cases that are likely to come before the MDL court.  See id. at 1053-54; see also Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1048-49 (E.D. Wis. 2001).

Nonetheless, there are many cases in which a motion to remand will raise questions of fact or law that would not otherwise arise in the MDL proceedings.  See, e.g., Greene v. Wyeth, 344 F. Supp. 2d 674, 678-79 (D. Nev. 2004); In re Massachusetts Diet Drug Litig., 338 F. Supp. 2d 198, 201 (D. Mass. 2004); Conroy, 325 F. Supp. 2d at 1054 (same).  In such cases, the interest of judicial economy is best served by denying the motion to stay and adjudicating the motion to remand in the

4

court in which the action is pending.  See Greene, 344 F. Supp. 2d at 679 (declining to enter a stay and reaching the merits of the plaintiffs' motion to remand); Massachusetts Diet Drug Litig., 338 F. Supp. 2d at 201 (same); Conroy, 325 F. Supp. 2d at 1054 (same).  In particular, where case-specific issues of fact or law are raised by a motion to remand and a defendant has clearly failed to meet the substantive or procedural requirements for removing a state court action, "the court should promptly complete its consideration and remand the case to state court." Conroy, 325 F. Supp. 2d at 1053.

In the instant action, a cursory examination of Merck's notice of removal reveals that complete diversity did not exist at the time that Merck was joined as a defendant in plaintiffs' state court action.  Moreover, while the state court's order severing of plaintiffs' claims against Merck from their claims against the other defendants may have removed all nondiverse defendants from the instant action, the severance order was issued in response to a motion filed by Merck's co-defendants.  See Notice of Removal, Exh. D.  It is well-established that a change in the nature of the claims or in the identity of the parties that occurs after a plaintiff's initial complaint has been filed in state court will not give rise to removal jurisdiction unless that change came about as a result of some "voluntary" action taken by the plaintiff.  Self v. General Motors Corp., 588 F.2d 655, 658-59 (9th Cir. 1978) (collecting cases).  As there is nothing in Merck's notice of removal to suggest that plaintiffs did anything to bring about the severance of their claims against Merck from their claims against Merck's co-defendants, the state court's order severing those claims cannot serve as a basis for removing plaintiffs' state court action to this court.  Accordingly, the court grants plaintiffs' motion to remand and, having no jurisdiction to entertain this action, it denies Merck's motion to stay.

II.     Plaintiffs' Motion for Attorneys' Fees

Plaintiffs also move for attorneys' fees and costs of suit.  Under 28 U.S.C. § 1407(c), a district court has discretion to award attorneys' fees and costs upon granting a motion to remand.  28 U.S.C. § 1407(c); In re DeVille, 361 F.3d 539, 546 (9th Cir. 2004).  Here, however, plaintiffs have failed to file an opposition to Merck's motion to stay or to submit a timely reply brief in support of their motion to remand.  In light of such apparent indifference to the outcome of these proceedings,

5

the court finds that an award of attorneys' fees would not be appropriate. The court therefore denies plaintiffs' motion for attorneys' fees.

CONCLUSION

For the reasons stated above, defendant's motion to stay is DENIED. Furthermore, the court GRANTS plaintiffs' motion to remand and DENIES plaintiffs' motion for attorneys' fees and costs of suit. The court hereby orders that this action be remanded to Contra Costa Superior Court pursuant to 28 U.S.C. § 1447(c). The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court of Contra Costa County and shall close the file.

IT IS SO ORDERED.

Dated: August 3, 2005

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

6